IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON,
  Plaintiff,

vs.              Case No:  3:05cv320/RV/EMT

STANLEY WALKER,
  Defendant.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff initiated this action by filing a petition for writ of mandamus on August 16, 2005 (Doc. 1).  In Plaintiff's petition, he requests that the court issue an order, pursuant to Title 28 U.S.C. § 1361, compelling United States Postmaster Stanley Walker to deliver mail to "Affordable Service, 2011 West Garden St., Pensacola, FL  32501" (*id.* at 1).  He also seeks monetary damages in the amount of $10,000.00 (*id.* at 2).  This cause is now before the court upon Defendant's Motion to Dismiss (Doc. 22) and Plaintiff's response thereto (Doc. 26).  Defendant moves for dismissal of the petition on two grounds: 1) § 1361, the mandamus statute, does not provide a basis for the court's jurisdiction, and 2) Plaintiff cannot demonstrate that he is entitled to relief under § 1361 (Doc. 22 at 1).

  Federal Rule of Civil Procedure 12(b)(1) permits the presentation, by way of motion, of the defense of lack of subject matter jurisdiction. "A motion to dismiss for lack of jurisdiction may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

  Under Federal Rule of Civil Procedure 8, Plaintiff bears the burden of showing that the court has jurisdiction over his claim, and he must include a short and plain statement of the grounds upon

which the court's jurisdiction depends. If the court lacks subject matter jurisdiction, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

Initially, although Plaintiff has cited the federal mandamus statute in his complaint and seeks relief pursuant to the statute, his citation to this source of jurisdiction alone does not establish subject matter jurisdiction over this action. "The general rule governing pleading Federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a Federal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is Federal jurisdiction." Fountain v. New Orleans Public Service, Inc., 265 F. Supp. 630, 632 (E.D. La. 1967) (citing Beeler v. United States, 338 F.2d 687, 689 (3d Cir. 1964)). *See also* Gilbeaux v. University of Texas Medical Branch, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998) (mere citation to a federal statute in the heading of a complaint form is insufficient to invoke federal jurisdiction). Moreover, the mandamus statute does not provide an independent ground for jurisdiction in the federal district courts. *See* Maczko v. Joyce, 814 F.2d 308, 309-310 (6th Cir. 1987) (federal court must have independent basis for subject matter jurisdiction for issuance of writ of mandamus); Starbuck v. City and County of San Francisco, 556 F.2d 450, 459 n.18 (9th Cir. 1977) (§ 1361 does not provide an independent ground for jurisdiction) (citing Wright, Handbook of the Law of Federal Courts, p. 84 (3d ed. 1976)).

To determine whether subject matter jurisdiction exists, the court must consider the elements for issuance of a writ of mandamus, as set out in 28 U.S.C. § 1361. Section 1361 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." Maczko, 814 F.2d at 310; *see also* Vishnevsky v. United States, 581 F.2d 1249, 1253 and n.4 (7th Cir. 1978). Plaintiff must show that the duty arises from a mandatory or ministerial obligation; if the alleged duty is discretionary or directory, the duty is not owed for purposes of § 1361. Short v. Murphy, 512 F.2d 374, 377 (6th Cir. 1975). Further, a duty is not "owed" unless the obligation is "'plainly defined and peremptory.'" United States v. Battisti, 486 F.2d 961, 964 (6th Cir. 1973) (quoting Albert v. United States District

for Western District of Michigan, 283 F.2d 61, 62 (6th Cir. 1960) (citations omitted)). *See also* Martins Ferry Hosp. Ass'n v. National Labor Relations Board, 654 F.2d 455, 456 (6th Cir. 1981) (per curiam) (writ of mandamus is an extraordinary remedy and shall not issue unless petitioner establishes that he has a clear and certain right and that respondent's duties are ministerial, plainly defined, and peremptory); Vishnevsky, 581 F.2d at 1253.

Accordingly, in order for this court to have subject matter jurisdiction over the instant action, Plaintiff must show that Defendant had a plainly defined and mandatory duty to deliver mail to 2011 West Garden Street. Relevant regulations provide that the establishment of mail delivery service within a city may be *considered* when certain requirements are met, including when the population or number of deliveries exceeds 2,500 and 750, respectively; "[a]t least 50 percent of the building lots in the area to be served are improved with houses or business places . . . ."; streets are paved or otherwise improved; "[s]treets are named and house numbers are assigned by the municipal authorities in accordance with Management Instruction DM-940-89-3, Addressing Conventions"; street signs are in place and house numbers are displayed; satisfactory walks exist for the postal carrier; and approved mail receptacles or door slots are installed. Postal Operations Manual (POM) 641.2(b)(d) (emphasis added).[1]

Thus, the regulations clarify that the decision of whether to deliver mail to a particular address is entrusted to the discretion of postal officials. Moreover, Plaintiff has not alleged that Defendant owes him a clear and nondiscretionary duty to deliver mail to 2011 West Garden Street, Pensacola, FL 32501. Therefore, Plaintiff has not established a jurisdictional basis for his claim.

Plaintiff's claim for monetary damages under the mandamus statute is similarly subject to dismissal. Where a claim involves unliquidated damages, jurisdiction does not exist under § 1361. Maczko, 814 F.2d at 310. *See also* Spaulding v. Nielsen, 599 F.2d 728 (5th Cir. 1979)[2] (a claim for unliquidated money damages cannot be maintained under § 1361); Hudiburgh v. United States, 626

---

[1] The POM is incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 211.2(a)(2) as an official regulation of the Postal Service and has the force and effect of law. A copy of the relevant portions of the POM is attached to Defendant's motion to dismiss (*see* Doc. 22, Ex. 1).

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

F.2d 813, 814 (10th Cir. 1980) (mandamus not intended for claims involving unliquidated money damages).  Thus, this court does not have jurisdiction over Plaintiff's claim for monetary damages.

Even if the court were to determine that jurisdiction existed, Plaintiff has not established entitlement to the writ.  As noted by the Court in Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S. Ct. 188, 190, 66 L. Ed. 2d 193 (1980) (citations omitted), "It is not disputed that the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations."  A party seeking issuance of the writ must have no other adequate means to attain the relief he desires, and he must establish a "clear and indisputable" right to the writ.  Allied Chemical Corp., 449 U.S. at 35-36 (citations omitted).  For the reasons stated above, the matter at issue here is committed to the discretion of postal authorities; thus, it cannot be said that Plaintiff's right to have mail delivered to the address he desires is "clear and indisputable."

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's motion to dismiss (Doc. 22) be **GRANTED.**

2. That the petition for writ of mandamus (Doc. 1) be **DISMISSED** with prejudice and the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of July 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**